FILED

**NOT FOR PUBLICATION**

APR 26 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GLORIA VILLEGAS, on behalf of herself & all other similarly situated,<br><br>   Plaintiff - Appellant,<br><br>v.<br><br>US BANK NA; US BANK, NATIONAL ASSOCIATION ND,<br><br>   Defendants - Appellees. | No. 14-15727<br><br>D.C. No. 3:10-cv-01762-RS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Submitted April 13, 2016[**]
San Francisco, California

Before: O'SCANNLAIN, CLIFTON, and N.R. SMITH, Circuit Judges.

Gloria Villegas appeals the district court's denial of her requests for vacatur

of an arbitration award and for injunctive relief. The district court had jurisdiction

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1332(d)(2), and we have jurisdiction under 28 U.S.C. § 1291. We affirm.

I

Villegas contends that, under *Ferguson v. Corinthian Colleges, Inc.*, 733 F.3d 928 (9th Cir. 2013), the arbitrator's dismissal of her claim for a "public injunction" allowed the district court to consider such claim on the merits as though it had never been referred to arbitration.

Here, the arbitrator did not determine that he "lacks the authority to issue the requested injunction." *See id.* at 937. He issued a "final Award in full and final settlement *of the merits of all claims* and defenses presented in this arbitration." (emphasis added). In the award, he determined that Villegas would "take nothing on her claims asserted in this arbitration proceeding." Villegas had presented her request for a public injunction in her statement of claim, and in the briefs expressly considered by the arbitrator in making his award.

Thus, the award, on its face, denied her request for injunctive relief on the merits and did not determine that the arbitrator lacked authority to issue such

2

relief.[1]  As a result, *Ferguson* does not provide a basis for the district court to grant any relief.

## II

U.S. Bank contends that Villegas has waived all arguments other than her argument based on *Ferguson* because she failed to argue any other issues specifically and distinctly in her opening brief.  We agree.  *See Christian Legal Soc'y v. Wu*, 626 F.3d 483, 485 (9th Cir. 2010); *see also* Fed. R. App. P. 28(a)(9) (requiring "short conclusion stating the precise relief sought").

**AFFIRMED.**

---

[1] Villegas contends that we should look beyond the award to two orders that preceded the award, where the arbitrator purportedly concluded that he lacked authority to issue a public injunction.  We decline to do so because the award expressly resolves all claims presented in the arbitration "on the merits."